

**FILED**
**Jul 10, 2025**
**08:38 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Martha McCool | ) | Docket No. 2022-08-0687 |
| | ) | |
| v. | ) | State File No. 99553-2019 |
| | ) | |
| Professional Care Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

---

### Order Vacating in Part and Remanding

---

In this appeal, the employer challenges the trial court's order requiring it to authorize a second opinion examination on the issue of surgery. The employee was injured when she was attacked in the employer's parking lot in 2019. In 2023, the parties entered into a settlement agreement that, among other provisions, left open the employee's entitlement to reasonable and necessary future medical expenses as provided in Tennessee Code Annotated section 50-6-204. That settlement agreement was approved by the trial court. In 2024, one of the authorized treating physicians recommended additional surgery, which the employer's insurer authorized. However, prior to agreeing to undergo this surgery, the employee asked for a second opinion as to the surgery recommendation, which the employer declined to provide. The employee then filed a new petition asking the court to order the employer to authorize a second opinion examination and seeking an award of attorneys' fees. Following unsuccessful mediation and a hearing, the trial court entered an order compelling the employer to authorize the second opinion examination and determined the employee was entitled to attorneys' fees. In the order, the court instructed the employee's attorney to file a motion presenting additional evidence with respect to the attorneys' fee claim, which the employee's attorney did. Sixteen days after the court's order was issued, the employer filed a notice of appeal. Because we conclude the trial court's compensation order is incomplete at this point, we hold this appeal in abeyance and remand the case for additional findings.

*Motions for Additional Findings*

On April 23, 2025, the trial court issued a "Compensation Order Granting Medical Benefits," and the employer filed a notice of appeal sixteen days later, well within the

1

time limit for the appeal of a compensation order. Tenn. Code Ann. § 50-6-217(a)(2)(B). However, that order did not resolve all pending issues in the case. Instead, the court instructed the employee's attorney to file a motion offering additional evidence for the court's consideration on the attorneys' fee issue. The employee's attorney filed such a motion on May 5, and the record before us contains no response to that motion.

We addressed a similar issue in *Garassino v. Western Express, Inc.*, No 2014-07-0013, 2016 TN Wrk. Comp. App. Bd. LEXIS 82 (Tenn. Work. Comp. App. Bd. Nov. 7, 2016). In that case, the trial court issued a compensation order, part of which awarded "any and all costs" related to a medical examination of an expert. *Id.* at *3. Twelve days after the court issued its compensation order, the employee filed a motion for discretionary costs, and the employer filed a response five days later. *Id.* The trial court then issued another order addressing the ambiguity in its prior order and granting the employee's motion for discretionary costs. *Id.* at *4. The employer filed a notice of appeal, which was filed more than thirty days after the court's original compensation order, but less than thirty days after the court's subsequent order resolving the costs issue. *Id.* The employee sought to have the appeal dismissed as untimely. *Id.*

In addressing the timeliness of the appeal, we concluded as follows:

> Under these circumstances, and looking to substance over form, we conclude that Employee's motion for discretionary costs and Employer's response in opposition to this motion sought additional findings of fact and conclusions of law pursuant to Rule 52.02 concerning whether Dr. West's fees for reviewing medical records and conducting a physical examination of Employee were recoverable costs. Both the parties and the trial court treated the issue as unresolved, and a subsequent hearing was conducted to address the dispute. The trial court then issued another order that included additional findings of fact and conclusions of law not contained in the previous order. Having concluded that Employee's motion was filed in accordance with Rule 52.02, the deadline for filing a notice of appeal was extended until after the issuance of the trial court's order resolving the motion as provided for in Rule 59.01. Thus, Employer's August 9, 2016 notice of appeal was timely.

*Id.* at *11. Our opinion in *Garassino* was appealed, and the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel affirmed our decision. *Garassino v. Western Express, Inc.*, No. M2016-02431-SC-R3-WC, 2018 Tenn. LEXIS 60 (Tenn. Workers' Comp. Panel Feb. 8, 2018). In addressing the timeliness issue, the Appeals Panel explained:

> Whether this appeal was timely depends on the type of motion filed after the entry of the trial court's compensation order. In making that

determination, the court will look to the substance rather than form. We agree with the Appeals Board that Rule 52.02 of the Tennessee Rules of Civil Procedure controls in this case. Employee's motion requested the trial court make an additional finding regarding the amount of the discretionary cost award. Tennessee Rule of Civil Procedure 59.01 provides that a motion made pursuant to Rule 52.02 extends the time for initiating an appeal. Accordingly, we affirm the Appeal Board's conclusion that Employer's appeal was timely.

*Id.* at *6 (internal quotation marks and citation omitted). We conclude a similar analysis is appropriate here. Although the trial court issued a "Compensation Order" on April 23, the terms of that order required the employee's attorney to file a motion and submit additional evidence. That motion was filed but, to date, the court has not ruled on it. In considering substance over form, we conclude the employee's motion sought additional findings pursuant to Tennessee Rule of Civil Procedure 52.02, and we further conclude the filing of that motion "extend[ed] the time for taking steps in the regular appellate process" as provided in Tennessee Rule of Civil Procedure 59.01.

As a result, we remand the case for the trial court to address the pending motion and make additional findings with respect to the claim for attorneys' fees. Until the court issues an order resolving that issue, this appeal is held in abeyance. The appeal will proceed in the normal course once the trial court issues its order.

*Legal Standard for Awards of Attorneys' Fees*

For purposes of efficiency on remand, we also address the court's determination that the employee's attorney is entitled to an attorney's fee. The court concluded that the employer's refusal to authorize the second opinion examination was "erroneous, incorrect, or otherwise inconsistent with the law or facts." In applying that standard, the court relied on our opinion in *Walls v. United Techs. Corp.*, No. 2019-05-0371, 2019 TN Wrk. Comp. App. Bd. LEXIS 27, at *16-17 (Tenn. Workers' Comp. App. Bd. Aug. 6, 2021). In *Walls*, we defined the word "wrongfully" as used in the context of a claim for attorneys' fees brought pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B) (2018). *Id.* at *17-18. We also made clear that a party seeking attorneys' fees can seek to prove entitlement to such fees under subsection 226(d)(1)(A), subsection 226(d)(1)(B), or both, as the evidence may show. *Id.*

However, in 2023, the General Assembly amended Tennessee Code Annotated section 50-6-226(d)(1). It deleted the word "wrongfully" in subsection 226(d)(1)(B) and inserted the word "unreasonably." *See* 2023 Pub. Chap. 145, § 10. To date, we have not been asked to address the impact of that amendment on an employee's claim for attorneys' fees under subsection 226(d)(1). As a result, there has been no analysis following the 2023 amendment addressing whether the word "unreasonably" in the

context of this statute has the same or a different meaning as the word "wrongfully."[1] We therefore vacate the trial court's order to the extent it did not include an analysis of the correct legal standard in assessing the employee's entitlement to an award of attorneys' fees given the 2023 amendment to subsection 226(d)(1)(B). On remand, therefore, the court should address whether the employee is entitled to an award of attorneys' fees under the current version of Tennessee Code Annotated section 50-6-226(d)(1) and, if so, the amount of any such award.

Given the conclusions we have reached in this order, we CANCEL the oral argument currently scheduled for August 1, 2025, and we REMAND the case for the trial court to take further action as outlined above.

PER CURIAM

---

[1] 2023 Public Chapter 145 also makes clear that the amendment to subsection 226(d)(1) "takes effect upon becoming a law." The bill was signed into law by the Governor on April 13, 2023. The actions forming the basis of the employee's claim for attorneys' fees occurred after that date.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Martha McCool | ) | Docket No. 2022-08-0687 |
| | ) | |
| v. | ) | State File No. 99553-2019 |
| | ) | |
| Professional Care Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's order in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of July, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller<br>Brayden Hunter | | | | X | ghfuller@mijs.com<br>brhunter@mijs.com |
| Jonathan May | | | | X | jmay@forthepeople.com<br>jvavak@forthepeople.com |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov